IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHARON THOMAS, )
)
       Plaintiff, )
)
v. ) 1:10-CV-78
)
STATE OF NORTH CAROLINA, ET )
AL., )
)
       Defendants. )

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

Plaintiff Sharon Thomas contends that defendants Orange County, the Orange County Department of Social Services ("DSS"), the State of North Carolina, and the University of North Carolina ("UNC") Health Care System discriminated against her on the basis of her age, race, and gender when she was not selected for a position with DSS. (*See* Doc. 2.) Pending are motions to dismiss filed by all defendants. (Docs. 6, 8.) Because Ms. Thomas has exhausted her administrative remedies as to the Orange County defendants, their motion will be denied. However, because Ms. Thomas did not exhaust her administrative remedies against the State or UNC Health Care, the Court will grant their motion for lack of subject matter jurisdiction.

According to the complaint, on June 30, 2008, Ms. Thomas, an African-American woman, was hired for a temporary position as a Foster Care Social Worker. After her temporary position ended, Ms. Thomas submitted an application to the Orange County DSS for a vacant social worker position, as well as for positions in the housing department and the human resources department. Ms. Thomas was not chosen for any of the positions. A white male was chosen for the social worker position.

Title VII of the Civil Rights Act of 1964 makes it unlawful "to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1).

Before a federal court has jurisdiction to hear a claim under Title VII or under the ADEA, a plaintiff must exhaust the administrative remedies provisions provided by Congress. *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009); *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 137 (4th Cir. 1995). The statutes require a claimant to wait to file a claim in federal district court until after she has filed any applicable state claim, the deferral period has passed, and the Equal Employment Opportunity Commission ("EEOC") has issued a right-to-sue letter. *Davis*, 48 F.3d at 138; *see Puryear v. Cnty. of Roanoke*, 214 F.3d 514, 517 n.1 (4th Cir. 2000) (applying Title VII exhaustion requirements to ADEA actions).

## I. Orange County DSS and Orange County

The Orange County defendants contend that Ms. Thomas has not exhausted her administrative remedies because she did not initiate a contested case with the North Carolina Office of Administrative Hearings ("OAH") before filing her claim with the EEOC. They point out that complainants are required to resort to state and local remedies before they may proceed to the EEOC, *see New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 62, (1980); *Davis*, 48 F.3d at 137, and that in North Carolina a prospective employee of a county social services department who believes she has been denied employment in violation of state anti-discrimination law must initiate a contested case hearing before the North Carolina Office of Administrative Hearings. *See* N.C. Gen. Stat. §§ 7A-759, 126-36.1, 126-37; *see, e.g.*, *Henderson v. Emp't Sec. Comm'n*, 910 F. Supp.

252 (W.D.N.C. 1995). Because Ms. Thomas has not initiated a contested case before OAH, the County defendants contend, she has not exhausted her administrative remedies.

While *Davis* and Title VII's exhaustion provision would seem to require that Thomas initiate a contested case with OAH before filing her claim with this court, this is not necessarily the case if the EEOC and OAH have a worksharing agreement. "By entering into what is known as a 'worksharing agreement' with the EEOC, a state may elect to waive its period of exclusive jurisdiction during the deferral period, while retaining concurrent jurisdiction over the discrimination charges." *Puryear*, 214 F.3d at 518 (quoting *EEOC v. Commercial Office Prod. Co.*, 486 U.S. 107, 117 (1988) (plurality)). Such an agreement ends the state's proceedings for purposes of Title VII and ADEA exhaustion. *Puryear*, 214 F.3d at 518; *see* 29 U.S.C. § 633(b); 42 U.S.C. § 2000e-5(c); *see generally Collins v. Franklin Cnty.*, 861 F. Supp. 2d 670, 674 (E.D.N.C. 2012); *Bennett v. N.C. Dep't of Transp.*, No. 1:05CV0764, 2007 WL 4208390, at *2 (M.D.N.C. Nov. 26, 2007).

In the EEOC charge filed by Ms. Thomas, she stated that she "want[ed] this charge filed with both the EEOC and the State or local Agency." (Doc. 6-2 at 2.) In response to the County defendants' motion to dismiss, Ms. Thomas submitted an EEOC document indicating that it had sent a copy of the charge to the OAH and that OAH had responded that it did not intend to investigate Ms. Thomas's claim. (Doc. 17 at 5.) This document also indicates that the EEOC has a worksharing agreement with the OAH and that the EEOC investigated her charge pursuant to that agreement. Because it appears that Ms. Thomas did exhaust her administrative remedies, the Orange County defendants' motion should be denied.[1]

---

[1] The Orange County defendants did not file a reply brief after Ms. Thomas submitted this documentation. If there are subtleties to the exhaustion analysis that the court has overlooked, the defendants can raise this argument again at summary judgment.

## II. The State of North Carolina and UNC Health Care System

Ms. Thomas's theory of liability against UNC Health Care is not clear. Nowhere does she allege that she applied for a position with UNC Health Care or that she ever worked for UNC Health Care. Nor does she clearly allege how the State of North Carolina was involved.

In any event, her claims against the State and against UNC Health Care are barred because she failed to exhaust her administrative remedies. The charge of discrimination Ms. Thomas filed with the EEOC did not mention the State of North Carolina or UNC Health Care. (Doc. 6-2 at 2.) Any claims not included in a litigant's charge to the EEOC must be dismissed for failure to exhaust and lack of subject matter jurisdiction. *Jones*, 551 F.3d at 300-301.

To the extent Ms. Thomas attempts to assert other causes of action against the State or against UNC Health Care, the complaint is too vague to state a claim.

It is **ORDERED** that:

1. The Motion to Dismiss filed by UNC Health Care System and the State of North Carolina, (Doc. 6), is **GRANTED**.

2. The Motion to Dismiss filed by Orange County and Orange County Department of Social Services, (Doc. 8), is **DENIED**.

This the 15th day of February, 2013.

UNITED STATES DISTRICT JUDGE